UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID JONES, <br> Plaintiff <br><br> v. <br><br> JUDYANN BIGBY, JOHN AUERBACH <br> LINDA HAN, JULIE NASSIF and <br> CHARLES SALEMI <br> Defendants | CIVIL ACTION NO. 13-CV-11196 |

## DEFENDANT JULIE NASSIF'S ANSWER TO PLAINTIFF'S COMPLAINT

### INTRODUCTION

1. The Defendant Julie Nassif admits to the statements alleged in paragraph 1 of the Plaintiff's complaint.

2. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 2 and therefore, neither admits nor denies those allegations of the Plaintiff's Complaint in his introduction section and calls upon the Plaintiff to prove the same at trial.

3. The Defendant Julie Nassif denies the all the allegations in paragraph 3 of Plaintiff's complaint and calls upon the Plaintiff to prove the same at trial.

4. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 4 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

### JURISDICTION

5. Paragraph 5 of the Plaintiff's complaint contains statements of jurisdiction and does not require an answer from the Defendant, Julie Nassif.

### PARTIES

6. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 6 of the Plaintiff's Complaint and

therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

7. The Defendant, Julie Nassif, admits the allegations in the first sentence of paragraph 7 of the Plaintiff's Complaint to the extent they allege that Judy Ann Bigby was the Secretary of the Executive Office of Health and Human Services for the Commonwealth of Massachusetts. The Defendant, Julie Nassif, is without sufficient information to admit or deny the remaining allegations set forth by the Plaintiff in paragraph 7 and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

8. The Defendant, Julie Nassif, admits the allegations in the first sentence of paragraph 8 of the Plaintiff's Complaint to the extent they allege that John Auerbach was the Commissioner of the Department of Public Health ("DPH"). The Defendant, Julie Nassif, is without sufficient information to admit or deny the remaining allegations set forth by the Plaintiff in paragraph 8 and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

9. The Defendant Julie Nassif admits to the statements alleged in paragraph 9 of the Plaintiff's complaint.

10. The Defendant, Julie Nassif, admits the allegations in the first sentence of paragraph 10 of the Plaintiff's Complaint to the extent they allege that Linda Han was the Director of the JP Drug Lab. The Defendant, Julie Nassif, is without sufficient information to admit or deny the remaining allegations set forth by the Plaintiff in paragraph 10 and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

11. The Defendant, Julie Nassif, admits the allegations in the first sentence of paragraph 11 of the Plaintiff's Complaint to the extent they allege that Charles Salemi was the supervisor of operations at the JP Drug Lab. The Defendant, Julie Nassif, is without sufficient information to admit or deny the remaining allegations set forth by the Plaintiff in paragraph 11 and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

## STATEMENT OF FACTS

### Jones' Wrongful Conviction

12. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 12 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

13. The Defendant, Julie Nassif, admits that Annie Dookhan and Kate Corbett were chemist at the JP Drug Lab. The Defendant, Julie Nassif, is without sufficient

information to admit or deny the remaining allegations set forth by the Plaintiff in paragraph 13 of the Plaintiff's Complaint and therefore, neither admits nor denies those remaining allegations and calls upon the Plaintiff to prove the same at trial.

14. The Defendant, Julie Nassif, admits that the primary chemist would be responsible for logging the drugs in and out of the evidence safe and should have had custody of the drugs whenever they were outside the safe. The Defendant, Julie Nassif, is without sufficient information to admit or deny the remaining allegations set forth by the Plaintiff in paragraph 14 of the Plaintiff's Complaint and therefore, neither admits nor denies those remaining allegations and calls upon the Plaintiff to prove the same at trial.

15. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 15, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

16. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 16 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

17. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 17 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

18. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 18 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

19. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 19 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

20. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 20, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

### Dookhan Violated Jones' Constitutional Rights

21. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 21, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

22. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 22 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

23. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 23 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

24. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 24 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

25. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 25 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

26. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 26 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

27. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 27 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

### The Failures of the Lab Were Systemic and Thus Likely to Produce Constitutional Violations

28. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 28, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

29. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 29, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

30. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 30, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

31. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 31, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

32. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 32, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

33. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 33, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

34. The Defendant, Julie Nassif, denies the allegations in paragraph 34 of the Plaintiff's Complaint and calls upon the Plaintiff to prove the same at trial.

35. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 35, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

### The Polices at the Drug Lab Were Deficient Demonstrating a Deliberate Indifference by the Policymakers To the Constitutional Rights of Jones

36. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 36 of the Plaintiff's Complaint and

therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

37. The Defendant, Julie Nassif, denies the allegations in paragraph 37 of the Plaintiff's Complaint and calls upon the Plaintiff to prove the same at trial.

38. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 38, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

39. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 39, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

40. The Defendant, Julie Nassif, denies the allegations in paragraph 40 of the Plaintiff's Complaint and calls upon the Plaintiff to prove the same at trial.

41. The Defendant Julie Nassif, admits to the allegations in paragraph 41 of the Plaintiff's Complaint.

42. The Defendant, Julie Nassif, admits in part to the allegations in paragraph 42 of the Plaintiff's Complaint that there was no outside organizational oversight of QA/QC at the JP Drug Lab. The Defendant, Julie Nassif, is without sufficient information to admit or deny the remaining allegations set forth by the Plaintiff in paragraph 42 and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

43. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 43, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

44. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 44, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

45. The Defendant Julie Nassif, admits to the allegations in paragraph 45 of the Plaintiff's Complaint.

46. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 46 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

47. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 47, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

48. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 48, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

49. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 49 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

50. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 50 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

51. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 51 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

**Supervisors Were Aware of Dookhan's Misconduct as Early as 2008, and Their Inaction Evidences a Deliberate Indifference to the Plaintiff's Constitutional Rights**

52. The Defendant, Julie Nassif, denies the allegations in paragraph 52 of the Plaintiff's Complaint and calls upon the Plaintiff to prove the same at trial.

53. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 53 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

54. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 54 of the Plaintiff's Complaint and

therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

55. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 55 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

56. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 56 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

57. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 57 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

58. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 58 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

59. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 59 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

60. The Defendant, Julie Nassif, denies the allegations in paragraph 60 of the Plaintiff's Complaint and calls upon the Plaintiff to prove the same at trial.

61. The Defendant, Julie Nassif, denies the allegations in paragraph 61 of the Plaintiff's Complaint and calls upon the Plaintiff to prove the same at trial..

62. The Defendant, Julie Nassif, denies the allegations in paragraph 62 of the Plaintiff's Complaint and calls upon the Plaintiff to prove the same at trial.

63. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 63, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial..

64. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 64, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the

extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

65. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 65 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

66. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 66, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

67. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 67 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

68. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 68 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

69. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 69, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

70. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 70, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

71. The Defendant, Julie Nassif, neither admits nor denies the matters asserted in paragraph 71, as the assertions are vague, indefinite, subjective, or argumentative, and they do not constitute well-pleaded allegations of fact that require a response. To the extent that the matters may be viewed as allegations of fact against Nassif, she denies these allegations and calls upon the Plaintiff to prove the same at trial.

72. The Defendant, Julie Nassif, denies the allegations in paragraph 72 of the Plaintiff's Complaint and calls upon the Plaintiff to prove the same at trial.

73. Paragraph 73 appears to summarize or paraphrase a document, and as such, no response is required. Should the Court determine that an answer to this paragraph is required, the Defendant, Julie Nassif, denies the allegations in paragraph 73 of the Plaintiff's Complaint and calls upon the Plaintiff to prove the same at trial.

74. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 74 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

75. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 75 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

76. The Defendant, Julie Nassif, admits to the allegations in paragraph 76 of the Plaintiff's Complaint.

77. The Defendant, Julie Nassif, is without sufficient information to admit or deny the allegations set forth by the Plaintiff in paragraph 77 of the Plaintiff's Complaint and therefore, neither admits nor denies those allegations and calls upon the Plaintiff to prove the same at trial.

## COUNT I
## VIOLATION OF 42 U.S.C. §1983
## FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS
## BY ALL DEFENDANTS

78. The Defendant restates the allegations in paragraphs 1 – 77 and incorporates said paragraphs herein as paragraph 78.

79. The Defendant, Julie Nassif, denies the allegations in paragraph 79 of the Plaintiff's Complaint and calls upon the Plaintiff to prove the same at trial.

80. The Defendant, Julie Nassif, denies the allegations in paragraph 80 of the Plaintiff's Complaint and calls upon the Plaintiff to prove the same at trial.

## AFFIRMATIVE DEFENSES

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

The Defendant, Julie Nassif, has not knowingly or intentionally waived nay

applicable defenses, and reserves the right to assert and rely upon other applicable

defenses that may become available or apparent during discovery in this mater. The Defendant, Julie Nassif, reserves the right to amend or seek to amend her Answer and/or affirmative defenses. The assertion of any defense as an affirmative defense herein is not, and is not intended as, an admission that the Defendant, Julie Nassif, has the burden of proof on any such defense or on any related element of the Plaintiff's claims.

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states that the Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states she acted in good faith upon reasonable belief and that her actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states that the Plaintiff's injuries and/or damages, if any, were proximately caused by his own negligent or intentional conduct and/or by the conduct of others, and not by the conduct of the Defendant, Julie Nassif.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states that her acts and conduct were performed according to and protected by, law and/or legal process and therefore, the Plaintiff cannot recover.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states that the Plaintiff's claims, by his own acts, omission or negligence are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states she is immune from suit because her actions are protected by the doctrine of qualified immunity.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states that the Plaintiff's claims are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states the Plaintiff has waived his right to recovery in this matter.

## NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states says that the Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

## TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states that the Plaintiff's claims are barred by the applicable statute of limitations or statute of repose.

## ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states that Plaintiff has not been deprived of any rights secured by either the Constitution, the laws of the United States or the Commonwealth of Massachusetts by any actions of the defendant.

## TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states that the claims set forth in the Complaint are wholly insubstantial, frivolous, and are not advanced in good faith and the Defendant, Julie Nassif, therefore, requests counsel fees and other costs and expenses incurred in defending these claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states that the Plaintiff consented to the acts, which are the subject matter of the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states that the Plaintiff was contributory negligent.

## FIFTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states she is immune from suit because her actions are protected by the doctrine of deliberate indifference.

## SIXTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states that the Plaintiff assumed the risk.

## SEVENTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states that none of her acts were a proximate cause of the injuries or damages, if any, allegedly sustained by the Plaintiff. Any injuries or damages were caused by the independent acts of individuals, acting outside of the control of the Defendant Julie Nassif.

## EIGHTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif states that she is immune from suit because her actions are protected by the doctrine/requirement of gross negligence.

## NINETEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states that the Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states that if Plaintiff was injured or damaged as alleged, which the Defendant, Julie Nassif denies, such injuries or damages were caused by someone for whose conduct Julie Nassif was not and is not legally responsible or could not reasonably foresee.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states the Plaintiff is not entitled to an award of compensatory or punitive damages, costs, or attorneys' fees.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Julie Nassif, states the Plaintiff lacks standing to maintain any claims against her.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he failed to properly present his claims pursuant to the requirements of the Massachusetts Tort Claim Act, M.G.L. c 258 §4

WHEREFORE, the Defendant requests that this Court:

1. Deny any award of compensatory damages against Defendant Julie Nassif;

2. Deny any award of compensatory damages against Defendant Julie Nassif;

3. Deny any award of costs of this acting including any reasonable attorney's fees and,

4. Deny any other relief.

## JURY TRIAL DEMAND

A jury trial is hereby demanded for all claims.

> Respectfully Submitted,
> Julie Nassif,
> By Her Attorneys,
>
> Robert N. Launie, Esq., BBO# 548826
> Paul V. Marino, Esq., BBO# 635444
> LAUNIE & MARINO, P.A.
> 1200 East Street
> Westwood, MA 02090
> (781) 326-9213

14

## CERTIFICATE OF SERVICE

I, Paul V. Marino, Esq., do hereby certify that on February 12, 2014 the forgoing, Defendant Julie Nassif's Answer to Amended Complaint was served on all parties or their counsel of record through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

_____
Paul V. Marino, Esq.